[939 NYS2d 478]

In the Matter of NADEEN R. GAYLE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 21, 2012

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Scalise & Hamilton, LLP*, Scarsdale (*Deborah A. Scalise* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated November 9, 2010. Following a hearing held on February 18, 2011, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee and for imposition of such discipline as the Court deems just and appropriate. The respondent has submitted an affirmation in response in which she accepts the Special Referee's findings and conclusions of law, and urges the Court to impose a sanction no greater than a one-year suspension nunc pro tunc to the effective date of the order of interim suspension.

Charge one alleges that the respondent violated rule 8.4 (b), (c) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), in that she was convicted of a serious crime.

On June 10, 2009, the respondent pleaded guilty in the United States District Court for the Eastern District of New York before United States Magistrate Judge James Orenstein to the crime of conspiracy to commit wire and bank fraud, a violation of 18 USC § 1349, a class D felony. On May 14, 2010, United States District Judge Jack B. Weinstein sentenced the respondent to five years' probation, restitution in the amount of $845,000, jointly and severally with her codefendants and payable at a rate of $100 per month, and a $100 assessment. (*United States v Gayle*, 2010 WL 2540488, 2010 US Dist LEXIS 60259 [ED NY 2010].)

Based on the uncontroverted evidence and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent has no prior disciplinary history.

In determining the appropriate measure of discipline to impose, the respondent urges the Court to take into consideration the substantial mitigation presented, including her remorse, the lack of venality, her youth and inexperience, her history of community service, her cooperation with the investigation, her acceptance of responsibility for her actions, her status as a young mother of a one-year-old child, the aberrant nature of her behavior, the fact that she was taken advantage of by the law partner who hired her, and her reputation for honesty and trustworthiness.

Notwithstanding the substantial mitigation advanced, the respondent was convicted of a felony involving significant losses to the victims. Although the respondent's role in the mortgage fraud scheme was minor relative to her coconspirators, the fraud committed was not minor.

Under the totality of circumstances, the respondent is suspended from the practice of law for two years, with credit for the time she was suspended under the interim order of suspension.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and ANGIOLILLO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Nadeen R. Gayle, is suspended from the practice of law for a period of two years, with credit for the time the respondent has been suspended under an interim order of suspension, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than August 7, 2013. In such application, the respondent shall furnish satisfactory proof that during that period she (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (4) otherwise properly conducted herself; and it is further,

Ordered that the respondent, Nadeen R. Gayle, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Nadeen R. Gayle, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Nadeen R. Gayle, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).