[17 NYS3d 756]

In the Matter of DEAN A. RESKAKIS, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 14, 2015

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated June 27, 2014, containing one charge of professional misconduct. Following a prehearing conference on September 24, 2014, and a hearing on September 30, 2014, the Special Referee sustained the charge. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as this Court deems just and appropriate. The respondent has neither submitted papers in response, nor requested additional time in which to do so.

Charge one alleges that the respondent violated rule 8.4 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on his conviction of a serious crime. On March 15, 2011, the respondent pleaded guilty in the United States District Court for the Southern District of New York to the crime of conspiracy to commit wire fraud and bank fraud, in violation of 18 USC § 1349, a class B felony. On March 13, 2014, he was sentenced to time served, six months of home confinement, and three years of supervised release. He was directed to forfeit the sum of $175,000, complete 500 hours of community service, and pay an assessment of $100.

At his plea allocution, the respondent admitted that, from 2006 through 2009, he participated in a fraudulent mortgage

scheme by filing false mortgage documents. At sentencing, on March 13, 2014, the United States made an application to have the respondent sentenced to a sentence below the guideline range, due to the substantial assistance the respondent provided to the government, which, inter alia, helped to secure the conviction of other members of the conspiracy. Although the government initially intended to seek restitution, it ultimately did not do so.

In his answer to the petition, the respondent admitted the factual allegations, and asked that he be disciplined for "a period of time served."

Based on the uncontroverted evidence and the respondent's admissions, the Special Referee properly sustained the charge. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

Although the respondent did not submit a response to the Grievance Committee's motion to confirm, he did, in a post-hearing submission, repeat his request that this Court impose a period of suspension commensurate with his period of interim suspension, which commenced on January 31, 2012. He asked that the following mitigating factors be considered: the substantial assistance he provided to the government; his expression of sincere remorse; the government's decision not to seek an order of restitution; the breadth and severity of the penalties he already faces; the character letters submitted; the length of his interim suspension; and similar cases involving attorneys convicted of similar offenses, citing *Matter of Gayle* (94 AD3d 45 [2012]).

In determining the appropriate measure of discipline to impose, this Court notes that the respondent was engaged in a fraudulent mortgage scheme which lasted several years. The respondent himself acknowledged the seriousness of his offense when, at sentencing, he stated that he would likely lose his law license. We consider an aggravating factor to be the fact that, at the time of the wrongdoing, the respondent was employed part time as a village prosecutor for the Village of Hempstead. This Court further notes that the respondent will remain under supervised release until March 13, 2017, and has yet to complete his community service hours. In addition, the forfeiture order of $175,000 is still outstanding. This Court is cognizant that the respondent provided substantial assistance to the government; however, we also believe that the respondent has already reaped the benefit of his cooperation in that he received no prison term.

Under the totality of the circumstances of this case, disbarment is warranted.

Eng, P.J., Mastro, Dillon, Balkin and Sgroi, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Dean A. Reskakis, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Dean A. Reskakis, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Dean A. Reskakis, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Dean A. Reskakis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).